# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL JAMES LYNCH,<br>　　　　Petitioner,<br><br>　　vs.<br><br>WARDEN, FCI-MCKEAN,<br>　　　　Respondent. | C.A. No. 10-122 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

It is respectfully recommended that the instant *Petition for Writ of Habeas Corpus* be dismissed as moot.

**II.　　REPORT**

On June 18, 2010, Petitioner Joel James Lynch, formerly incarcerated at the Federal Correctional Institution at McKean, Pennsylvania, ("FCI-McKean"), filed the instant petition for writ of habeas corpus, challenging a detainer that was lodged against him by United States Immigration and Customs Enforcement ("ICE") on July 17, 2009. In particular, Petitioner seeks an Order of this Court requiring ICE to remove its immigration detainer, based upon Petitioner's claim of derivative United States citizenship.

On October 18, 2010, the United States Attorney filed a Notice of Suggestion of Mootness [ECF No. 12], indicating that Petitioner's federal sentence terminated on October 8, 2010, at which time he was released by the BOP into the custody of ICE. Attached to the Notice is the Declaration of Kent J. Frederick, Chief Counsel for ICE's Philadelphia office, who declares that ICE commenced removal proceedings against Petitioner on October 13, 2010, and has detained Petitioner at the Clinton County Correctional Facility in Lock Haven, Pennsylvania, pending the outcome of the removal proceedings. (See ECF No. 12-1, Declaration of Kent J. Frederick, at ¶¶ 6-7).

### A. Mootness Doctrine

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a

2

collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53 (2000). Compare United States v. Cottman, 142 F.3d 160 (3d Cir. 1998).

Petitioner's sole habeas claim is that the immigration detainer was improper because he is a United States citizen. Petitioner's recent release from BOP custody to the custody of ICE effectively terminated the challenged detainer and rendered the instant petition moot. Thus, Petitioner's claim for relief should be dismissed as moot unless he can demonstrate that he will suffer collateral consequences from the denial of federal habeas relief.

### B. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C.

§ 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

**III.   CONCLUSION**

For the foregoing reasons, the instant petition for writ of habeas corpus should be dismissed as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 8, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge